# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 19-6020
_____

In re: Johnny M. Belew, also known as John Belew, formerly doing business as Belew and Bell, Attorneys at Law

*Debtor*

-------------------------------

Johnny M. Belew

*Debtor - Appellant*

v.

Bianca Rucker

*Trustee - Appellee*

The Citizen's Bank

*Interested Party - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 30, 2019
Filed: November 21, 2019

_____

Before SALADINO, Chief Judge, NAIL and DOW, Bankruptcy Judges.
_____

NAIL, Bankruptcy Judge.

Johnny M. Belew ("Debtor") appeals the May 31, 2019 order of the bankruptcy court[1] granting Trustee Bianca Rucker's ("Trustee") motion to approve her proposed sale of certain assets to The Citizen's Bank ("Bank"). For the reasons discussed below, we dismiss this appeal.

BACKGROUND

Debtor filed a petition for relief under chapter 7 of the bankruptcy code. Trustee assumed her duties shortly thereafter.[2]

In the course of carrying out her duties, Trustee received an offer from Bank to purchase

> all of the bankruptcy estate's causes of action (except for the objection to exemption that is currently on appeal[[3]]), and any and all residual assets of the estate for a lump sum payment of eleven thousand dollars ($11,000.00), with an option to purchase the value of any disallowed exemption to the extent the ruling under appeal is reversed and [Debtor's] exemption on appeal and/or remand is disallowed, for an additional $1,000.00 from . . . Bank, without further notice.

---

[1]The Honorable Ben T. Barry, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

[2]One such duty is to "collect and reduce to money the property of the estate for which such trustee serves[.]" 11 U.S.C. § 704(a)(1).

[3]*Bianca Rucker v. Johnny M. Belew*, No. 18-3045 (8th Cir.)

-2-

The only other offer Trustee received for these assets was from Debtor, who offered to purchase them for $10,000.00. Believing Bank's offer to be in the best interests of the bankruptcy estate, Trustee filed a motion seeking the bankruptcy court's approval of this sale.[4]

Debtor objected to Trustee's motion. Following an evidentiary hearing, the bankruptcy court enter its order approving Trustee's proposed sale.

Debtor timely appealed. However, Debtor did not ask the bankruptcy court to stay either its order approving Trustee's proposed sale or the sale itself, and Trustee and Bank completed the sale.

In their opening brief, Trustee and Bank raised the issue of whether their completion of the sale rendered this appeal moot. Our review of the record revealed an additional issue, *i.e.*, whether Debtor has standing to appeal. We therefore directed the parties to address both issues, which they did.

## DISCUSSION

We have an independent duty to examine our jurisdiction. *Robb v. Harder* (*In re Robb*), 534 B.R. 354, 356-57 (B.A.P. 8th Cir. 2015). If this appeal is moot, we lack jurisdiction. *Sears v. U.S. Trustee* (*In re AFY*), 734 F.3d 810, 816-17 (8th Cir. 2013). If Debtor does not have standing, we likewise lack jurisdiction. *O & S Trucking, Inc. v. Mercedes Benz Financial Services USA* (*In re O & S Trucking, Inc.*), 811 F.3d 1020, 1025 (8th Cir. 2016). We may decide these issues in any order. *AFY*, 734 F.3d at 816.

---

[4]"The trustee, after notice and a hearing, may . . . sell . . . property of the estate[.]" 11 U.S.C. § 363(b)(1).

Whether this appeal is moot is readily resolved by reference to the bankruptcy code.

> The reversal or modification on appeal of an authorization . . . of a sale . . . of property does not affect the validity of a sale . . . under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

11 U.S.C. § 363(m). Absent a stay pending appeal, this "finality rule" prevents a court from undoing a completed sale to a good-faith purchaser. *Nieters v. Sevcik* (*In re Rodriquez*), 258 F.3d 757, 759 (8th Cir. 2001).

As previously noted, Debtor did not obtain a stay pending appeal. He does not dispute the sale has been completed. And he does not suggest Bank was not a good-faith purchaser.

Under the circumstances, the sale authorized by the bankruptcy court cannot be undone. This appeal is therefore moot. *Griffin v. Griffin* (*In re Griffin*), 310 B.R. 135, 137 (B.A.P. 8th Cir. 2004); *Prasil v. Dietz* (*In re Prasil*), 215 B.R. 582, 584 (B.A.P. 8th Cir. 1998).

Whether Debtor has standing is also readily resolved. To have standing to appeal an order, an appellant must demonstrate he or she is a person aggrieved by the order. *Robb*, 534 B.R. at 357. Under the "person aggrieved" doctrine, only appellants who are directly and adversely affected pecuniarily by an order have standing to appeal that order. *Nangle v. Surratt-States* (*In re Nangle*), 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003). Put another way, only appellants who have a financial stake in an order have standing to appeal that order. *Id*.

In most chapter 7 cases, the debtor does not have such a financial stake, because no matter how the trustee administers the bankruptcy estate's assets, none of those assets will be returned to the debtor. *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000). However, in some chapter 7 cases,

> a trustee might be able to satisfy all allowed claims and have money left over. This would entitle the debtor to a distribution of the balance under 11 U.S.C. § 726(a)(6). If the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order.

*Nangle*, 288 B.R. at 216.

This is not such a case. Before Debtor would be entitled to any surplus, Trustee would have to pay (1) priority claims (including Trustee's attorney's fees and expenses and Trustee's own fees and expenses), (2) allowed and timely-filed unsecured claims, (3) allowed but tardily-filed unsecured claims, and (4) allowed claims for certain fines, penalties, forfeitures, and damages, all in full, with interest at the legal rate from June 13, 2017, the date on which Debtor filed his petition for relief. 11 U.S.C. § 726(a); *Bank of Nebraska v. Rose* (*In re Rose*), 483 B.R. 540, 546 (B.A.P. 8th Cir. 2012).

As Trustee and Bank point out, according to Debtor's amended schedule A/B, all of Debtor's assets are worth only $3,052.30[5] (most, if not all, of which Debtor has claimed exempt), while according to the bankruptcy court's claims register, the unsecured claims alone total $2,228,698.43. Given these figures, it is not surprising

---

[5]This figure does not include the $11,000.00 Trustee received from Bank for the causes of action and the residual assets.

-5-

Debtor does not even attempt to explain how Trustee might be able to satisfy all allowed claims and have money left over to return to Debtor.

Debtor has not shown any possibility–much less a reasonable possibility–of a surplus in this case. Consequently, he does not have a financial stake in the bankruptcy court's order approving Trustee's proposed sale and thus lacks standing to appeal that order.

## CONCLUSION

Both because this appeal is moot and because Debtor does not have standing to appeal the bankruptcy court's order approving Trustee's proposed sale, we lack jurisdiction and must dismiss this appeal.

———————————————